FILED

May 23, 2017

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 1:45 P.M.



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | |
|---|---|
| Torey Andrews ) | Docket No.   2016-05-0854 |
| ) | |
| v. ) | State File No. 58300-2016 |
| ) | |
| Yates Services, LLC, et al. ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Dale Tipps, Judge ) | |

_____

**Vacated and Remanded - Filed May 23, 2017**
_____

The employee, who alleges a back injury suffered while working on an assembly line, appeals the trial court's denial of his motion for attorney's fees and expenses. Following the trial court's determination that the employee was entitled to medical and temporary disability benefits, the employee filed a motion seeking attorney's fees and expenses pursuant to Tennessee Code Annotated section 50-6-226(d)(1). The trial court denied the motion based on a finding that the employer acted reasonably in declining to pay benefits. The employee has appealed, asserting that the trial court should have granted his request for attorney's fees and expenses. Finding that the trial court's resolution of this issue was premature, we vacate the trial court's order denying the employee's motion and remand the case.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Samuel B. Garner, Jr., Pulaski, Tennessee, for the employee-appellant, Torey Andrews

John R. Rucker, Jr., Murfreesboro, Tennessee, for the employer-appellee, Yates Services, LLC

**Factual and Procedural Background**

Torey Andrews ("Employee"), an assembly line worker employed by Yates Services, LLC ("Employer"), alleges suffering an injury to his back on July 21, 2016,

1

while installing windows in car doors as the doors moved down the assembly line. Employer initially accepted the claim and provided a panel of physicians but, after receiving a medical opinion indicating the injury was not compensable, denied additional benefits. Employee sought treatment on his own and obtained a medical opinion that his injury arose primarily out of his employment. Following an expedited hearing, the trial court accepted the opinion of Employee's physician, found Employee was likely to prevail at trial, and ordered temporary disability and additional medical benefits. That decision was not appealed.

Thereafter, Employee filed a motion for attorney's fees in the amount of $7,325, plus $1,137 in expenses. Relying upon Tennessee Code Annotated section 50-6-226(d)(1)(B), Employee asserted that Employer denied benefits "absent [a] valid basis" and thus "wrongfully denied" his claim. Employer responded by arguing that any fee awarded should be calculated based upon twenty percent of the benefits ordered, the rate provided for in Tennessee Code Annotated section 50-6-226(a)(1), not the hourly rate charged by Employee's attorney. Employer also pointed out that section 50-6-226(d)(1) is silent as to when a determination of attorney's fees and costs should be made, and asserted that fees and costs should be determined at the end of the case rather than in the midst of the litigation.

In analyzing Employee's motion, the trial court observed that section 50-6-226(d)(1)(B) contemplates two scenarios under which attorney's fees and expenses may be awarded, the first being an employer's failure to timely initiate benefits. The trial court noted the absence of any evidence supporting such a failure in this case. To the contrary, the court noted that Employer provided a panel of physicians within days of when Employee reported hurting his back and also accommodated his medical restrictions for several months.

The other scenario identified by the trial court for potentially awarding attorney's fees and expenses under section 50-6-226(d)(1)(B) is when an employer "wrongfully denies" the claim. The trial court did not explicitly address the meaning of this phrase, but did find that Employer's actions were reasonable under the circumstances. The court explained that "[i]t is unrealistic to expect [Employer] to continue to provide benefits once the authorized doctor opined the injury was not work-related, and it would be inequitable to punish it for observing the statutory presumption of correctness of that opinion." Accordingly, the trial court denied Employee's motion for attorney's fees and expenses. Employee has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of

the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision may be reversed or modified if the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)  Violate constitutional or statutory provisions;
(B)  Exceed the statutory authority of the workers' compensation judge;
(C)  Do not comply with lawful procedure;
(D)  Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or
(E)  Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015).

**Analysis**

This is our first appeal involving Tennessee Code Annotated section 50-6-226(d)(1), which gives trial courts the discretion to award reasonable attorney's fees and reasonable expenses when an employer fails to furnish appropriate medical care or when an employer wrongfully denies a claim or fails to timely initiate benefits. Specifically, the statute provides:

(d)(1) In addition to attorneys' fees provided for in this section, the court of workers' compensation claims may award reasonable attorneys' fees and reasonable costs, including reasonable and necessary court reporter expenses and expert witness fees, for depositions and trials incurred when the employer:

(A) Fails to furnish appropriate medical, surgical, and dental treatment or care, medicine, medical and surgical supplies, crutches, artificial members, and other apparatus to an employee provided for in a settlement, expedited hearing order, compensation hearing order, or judgment under this chapter; or

(B) Wrongfully denies a claim by filing a timely notice of denial, or fails to timely initiate any of the benefits to which the employee is entitled under this chapter, including medical benefits under § 50-6-204 or temporary or permanent disability benefits under § 50-6-207, if the workers' compensation judge makes a finding that such benefits were owed at an expedited hearing or compensation hearing.

3

(2) Subdivision (d)(1)(B) shall apply to injuries that occur on or after July 1, 2016, but shall not apply to injuries that occur after June 30, 2018.

Section 50-6-226(d)(1)(B) does not define a wrongful denial of benefits, or any other key term, and it also does not address when during the litigation process an award of attorney's fees and expenses should be made. Employee's central argument in this appeal surrounds the meaning of the language "wrongfully denies" in subdivision (d)(1)(B). Employee argues that the legislature's use of the phrase "wrongfully denies" is not synonymous with bad faith or ill-will. Rather, Employee asserts that, in this context, "wrongfully denies" should be construed to mean that an employer incorrectly denied benefits, regardless of bad faith or malice. Employee maintains that this interpretation of the statute is consistent with its purpose which, according to Employee, is to encourage attorneys to accept cases that may otherwise be considered unprofitable.[1]

In our view, the dispositive question in this appeal is not the meaning of the statute's language or its proper application, but whether a determination of attorney's fees and expenses is ripe at this stage of the case. We find no authority, and none has been suggested to us, requiring that determinations regarding attorney's fees and expenses be made at an interlocutory stage of the case. Given the twists and turns inherent in litigation, it seems the better practice is to resolve such issues after the litigation has run its course and the parties and the court no longer face uncertainties over future developments, as opposed to adjudicating disputes concerning attorney's fees and expenses in piecemeal fashion as the case winds its way through the litigation process. Thus, we conclude that the trial court's resolution of the attorney's fees and expenses issue was, at this early juncture in the case, premature. This is not to suggest that a determination of attorney's fees and expenses may never be proper prior to the conclusion of a case, as each case must be evaluated based on the particular circumstances presented. However, there is nothing about this particular case to warrant such a determination at this time. Accordingly, because we conclude it was premature to address Employee's claim for attorney's fees and expenses at this interlocutory stage of the case, the trial court's denial of Employee's request for attorney's fees and expenses is vacated.

Before concluding, we note that this decision is not intended to interpret any of the key terms in section 50-6-226(d)(1)(B). Any such determination on our part would be premature and advisory only. *See Hooker v. Haslam*, 437 S.W.3d 409, 417 (Tenn. 2014)

---

[1] Employee makes factual assertions in his brief regarding the refusal of attorneys in his county to accept workers' compensation cases. He also relies on an annual report to the legislature prepared by the Bureau of Workers' Compensation. However, this information was not presented to the trial court, and we will not consider it for the first time on appeal. *See Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *13 n.4 (Tenn. Workers' Comp. App. Bd. May 18, 2015) ("[W]e will not consider on appeal testimony, exhibits, or other materials that were not properly admitted into evidence at the hearing before the trial judge.").

4

("Tennessee courts follow self-imposed rules of judicial restraint so that they stay within their province to decide, not advise, and to settle rights, not to give abstract opinions.") (internal quotation marks omitted). Those issues must await an appropriate occasion.

## Conclusion

The trial court's order denying Employee's motion for attorney's fees and expenses is vacated. The case is remanded for any further proceedings that may be necessary.



**FILED**

**May 23, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 1:45 P.M.**

**TENNESSEE BUREAU OF WORKERS' COMPENSATION
WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Torey Andrews | ) | Docket No.  2016-05-0854 |
| | ) | |
| v. | ) | State File No.  58300-2016 |
| | ) | |
| Yates Services, LLC, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 23rd day of May, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Samuel B. Garner, Jr. | | | | | X | samgarner@fowlkesgarner.com |
| John R. Rucker, Jr. | | | | | X | jrucker@ruckerlaw.com |
| Dale Tipps, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov